[No. 26424. Department One. February 4, 1937.]

*In the Matter of the Estate of* E. E. PATTERSON, *Deceased.*

LOUISE GROVE PATTERSON, *as Executrix, Appellant,* v. BUTTNICK MANUFACTURING COMPANY, *Respondent.*[1]

[1]Reported in 64 P. (2d) 795.

*Trefethen & Porterfield* and *William A. Gilmore,* for appellant.

*Bausman, Oldham, Cohen & Jarvis* and *Perry R. Gershon,* for respondent.

GERAGHTY, J.—This is an appeal by Louise Grove Patterson, as executrix of the estate of E. E. Patterson, deceased, from an order of the superior court of King county adjudging that a claim against the estate of E. E. Patterson, held by respondent, the Buttnick Manufacturing Company, as assignee of the First National Bank of Seattle, be judicially established and approved, and that the respondent be declared a creditor of the estate in the amount of $1,937.34, with interest.

No statement of facts is brought here. The court made no findings of fact other than certain recitals contained in the order, from which it appears:

The First National Bank of Seattle, on January 30, 1933, filed in the estate a claim, which included, among other items, a note for $3,202.47, given by the decedent Patterson to the respondent and pledged by it to the bank. The claim of the bank was duly approved by the executrix and thereafter by the court. A payment of five hundred dollars was made on the indebtedness evidenced by the note on February 27, 1934. The claim, as approved, reduced by the payment of five hundred dollars, was thereafter, on December 31, 1934, duly

assigned by the bank to the respondent. After the assignment of the claim to the respondent, and on September 25, 1935, a further payment of fifteen hundred dollars was made on it, leaving a balance due of $1,937.34, with interest thereon from May 29, 1936, the date of the order.

It would seem that, in the absence of any statement of facts or bill of exceptions, the order, made after a hearing at which evidence was taken, should be conclusive; but the appellant contends that a claim subsequently filed against the estate by the respondent in its own name, and rejected by the executrix, embodied the bank's claim in so far as it related to the note for $3,202.47.

Whether or not this was so, was one of the issues of fact to be necessarily determined by the court before making the order appealed from.

But, apart from this, appellant's contention is without merit. As we have seen by the reference to recitals in the order, the claim of the bank was filed January 30, 1933. Thereafter, on May 19, 1933, the respondent filed its own claim against the estate as follows:

"THE ESTATE OF E. E. PATTERSON (who also did business as Kotzebue Fur & Trading Company), deceased,
"To—BUTTNICK MANUFACTURING COMPANY, Debtor.
"Merchandise sold on open account upon which there is a balance due of......$412.49

"The open account consists of purchases in the sum of $7,307.02, and payments in the sum of $3,692.06, leaving a balance of $3,614.96, part of which is evidenced by a ninety-day note dated September 16, 1932 and maturing on December 15, 1932, in the principal sum of $3,202.47, bearing interest at the rate of 7% per annum, which note has been pledged to the First National Bank of Seattle, which has already presented

a claim against the above named Estate to the extent of such note.

"For the balance due on the open account of $412.49, the claimant holds as security three cases of cotton piece goods, consisting of flannels and ginghams stored in the basement of the building at 204 First Avenue South, Seattle, which goods has the approximate value of $175.

"Buttnick Mfg. Co.
BUTTNICK MANUFACTURING Co.
By        Harry Buttnick,
            Secretary-Treasurer."

This claim was rejected by the executrix on April 13, 1934. No further steps were taken to establish the claim subsequent to its rejection by the executrix, except that there is in the transcript an instrument showing that the claim was later compromised for the sum of three hundred dollars paid by the executrix.

It is apparent on the face of the claim that it embraced only the balance of the decedent's indebtedness to the respondent not included in the note for $3,202.47. Obviously, the reference to the note in respondent's claim was merely by way of recital, since the amount of its claim is only $412.49, the balance of its account, after deducting the amount covered into the note then held by the bank, and theretofore submitted to and approved by the executrix and court as a separate claim.

The order of the court is affirmed.

STEINERT, C. J., MAIN, MILLARD, and BLAKE, JJ., concur.